## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ )<br>Marylyn Todd )<br>Albert Todd )<br>E.D., Minor Child )<br>John Schmitt )<br>Emilee Spiller )<br>Terese Grinnell )<br>Monica Holm )<br>      Plaintiffs )<br>               )<br>   v.             )<br>               )<br>State of New Hampshire )<br>Governor Christopher Sununu )<br>New Hampshire State Police )<br>John Does, 1-100 )<br>      Defendants )<br>               )<br>_____) | Case No.: _____<br><br>Plaintiffs Request Trial by Jury |

### CIVIL COMPLAINT

NOW COME the Plaintiffs, by and through counsel, Christopher R. Burns, Esquire of Burns Legal Services, and files the foregoing Civil Complaint relating to violations of their civil rights as more fully set forth, *infra*, stating in support hereof as follows:

### Parties

1. The Plaintiff, Marylyn Todd, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 17 Second Street, Windham, New Hampshire, 03087, and a mailing address of P.O. Box 2081 in Salem, New Hampshire, 03079.

2.  The Plaintiff, Albert Todd, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 17 Second Street, Windham, New Hampshire, 03087, and a mailing address of P.O. Box 2081 in Salem, New Hampshire, 03079.

3.  The Plaintiff, D.T., is a natural person, who has not reached the age of majority.  D.T. is the minor child of Plaintiffs, Marylyn Todd and Albert Todd, and also resides in this jurisdiction, maintaining a residential address at 17 Second Street, Windham, New Hampshire, 03087, and a mailing address of P.O. Box 2081 in Salem, New Hampshire, 03079.

4.  The Plaintiff, John Schmitt, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 31 Green Acres Road, Keene, New Hampshire, 03431.

5.  The Plaintiff, Emilee Spiller, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 191 Highbridge Road, New Ipswich, New Hampshire, 03071.

6.  The Plaintiff, Terese Grinnell (aka Terese Grinnell Bastarache), is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 7337 Oak Hill Road, Loudon, New Hampshire, 03071.

7.  The Plaintiff, Monica Holm, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 6 Mallard Drive, Hudson, New Hampshire, 03051.

8. The Defendant, the State of New Hampshire, is a juridical entity, that may be served via the New Hampshire Attorney General, John Formella, at 1 Granite Place, Concord, New Hampshire, 03301.

9. The Defendant, the Governor of the State of New Hampshire, Christopher Sununu, at all times relevant hereto was the duly elected representative of the State of New Hampshire, and is named here in his professional and personal capacity.  Governor Sununu may be served via the Office of the  Governor, New Hampshire State House, 107 North Main Street, Suite 208, Concord, New Hampshire, 03301.

10. The Defendant, the New Hampshire State Police, is a juridical entity, that may be served via the New Hampshire Department of Safety, Division of State Police, at 33 Hazen Drive, Concord, New Hampshire, 03301.

11. The Defendants identified as John Does, 1-100, are potential defendants, who have not yet been identified.  Said individuals may be named in their personal and/or professional capacity.  The Plaintiffs reserve the right to amend this pleading to include additional defendants as discovery proceeds in this matter.


## Jurisdiction

12. Paragraphs one (1) through ten (10) are incorporated by reference as if fully set forth herein.

13. The United States District Court for the District of New Hampshire is the court of proper jurisdiction pursuant to 28 U.S.C. 1331, which specifically grants federal courts "original jurisdiction" over claims arising "under the Constitution, laws, or treatise of the United States".  As more fully discussed, *infra*, the Plaintiffs allege, *inter alia*, violations of the

United States Constitution, as well as various violations of Title 42 of the United States Code.

14. Petitioner further avers that the amount of damages, exclusive of costs and fees, including reasonable attorney fees, is within the jurisdictional limits of this Honorable Court.

## Facts Common to All Counts

15. Paragraphs one (1) through fourteen (14) are incorporated by reference as if fully set forth herein.

16. On October 13, 2021, all of the Plaintiffs identified herein, attended a meeting of the New Hampshire Executive Council at the State Police Training Facility in Concord, New Hampshire.

17. One of the items on the agenda at the October 13, 2021, Executive Council meeting was whether the State of New Hampshire should accept $27 million in federal grant money, in exchange for administering certain requirements for covid-19 vaccines.

18. Meetings of the Executive Council are open to the public, and, according to the State's own website, the Executive Council "welcomes public input on agenda items".  More specifically, the Governor stated that he wanted to hear from the citizenry during the October 2021 Executive Council meeting.  Accordingly, the Plaintiffs attended said Executive Council meeting to express their position on acceptance of the federal funds.  Unfortunately, the podium from which public comments could be made, was roped off and located in a restricted area the public could not access.  It soon became obvious that only preapproved

speakers would be permitted to address the Executive Council.  No Plaintiffs were included among the preapproved speakers.

19. Also worth noting, the October 13, 2021, Executive Council meeting was a rescheduled meeting that was previously scheduled for September 29, 2021, at St. Anselm College. Acceptance of the federal funds appeared on the September 29, 2021, agenda; however, certain individuals at the September 29, 2021, Executive Council meeting became so disruptive that continuation of that meeting proved impossible.

20. An edited video of the September 29, 2021, Executive Council meeting is available to view on the State's website.  The September 2021 meeting of the Executive Council ends with an announcement that because of the disruptive behavior, certain "state employees are fearful of their safety" and left the meeting early, necessitating the rescheduling of the meeting and continuation of the agenda items, including acceptance of the federal covid funds.

21. To be clear, none of the Plaintiffs identified herein played any role in disrupting the September 29, 2021, Executive Council meeting.  In fact, it is unclear to undersigned counsel if all of the Plaintiffs in this matter even attended the September 2021 meeting of the Executive Council.

22.  As a result of the foregoing, there was a large police presence at the rescheduled October 13, 2021, Executive Council meeting.

23. When it became clear that the Plaintiffs were not going to be given an opportunity to address the Executive Council, the Plaintiffs devised a plan to peacefully and quietly express themselves by standing and turning their backs toward the Executive Council and Governor during a portion of the October 13, 2021, meeting.  The Plaintiffs' plan to turn their backs on

the meeting was devised outside of the building in the presence of the State Police.  The Plaintiffs made it clear that their intentions were not to have the October 2021, meeting shut down.  The Plaintiffs, in fact, wanted the meeting to conclude so they could see how the Executive Council voted regarding the federal covid funds.

24. Multiple witnesses who attended the October 13, 2021, Executive Council meeting, as well as multiple video clips taken during the meeting, show that none of the Plaintiffs in this matter disrupted the October 13, 2021, meeting in any way.  Despite this fact, all of the Plaintiffs (except for the minor Plaintiff, D.T.), were arrested and ultimately charged with disorderly conduct.

25. As for Plaintiff D.T., he watched both of his parents get arrested, causing extreme distress, which the minor child continues to experience.  Moreover, D.T. watched Kathleen Bussiere-Appleton, a 70 year old attendee of the October 13, 2021, meeting, get slammed to the ground by the State Police, resulting in a serious shoulder injury.

26. One of the Plaintiffs was charged with disorderly conduct for saying the word "Amen" to herself.  While another Plaintiff was charged with disrupting the October 13, 2021, Executive Council meeting, for asking why she was being arrested, which occurred during a time when the meeting had already been paused by the Governor.

27. Immediately prior to the Plaintiffs' arrest the Governor can be seen texting and coordinating with the State Police to effectuate the underlying arrest of the Plaintiffs.  In fact, following the Governor's communication, dozens and dozens of additional State Police stormed the room and began arresting the Plaintiffs.

28. The Plaintiffs were arrested and ultimately charged with disorderly conduct based on "verbal disruptions" and/or "repeatedly yelling".  However, while preparing to defendant against their respective criminal charges, no one could tell the Plaintiffs what was yelled or what "verbal disruptions" occurred.

29. In fact, the Plaintiffs' charging documents were so devoid of any specific information that criminal defense council for the Plaintiffs had to file Motions for Bill of Particulars.  Said requests for further particulars provided no other specific information regarding any criminal activity by the Plaintiffs.  Ultimately, all criminal charges against the Plaintiffs were dropped prior to trial.

30. The Plaintiffs assert that they did nothing to disrupt the October 13, 2021, meeting, nor did they do anything to disrupt the orderly conduct of governmental business.

31. Also worth noting, all of the Defendants identified herein, took an oath to uphold the Constitution and then violated the Constitutional rights of the citizenry.

32. The Plaintiffs further assert that there was no reasonable articulable suspicion to justify their detainment, nor was there any probable cause to justify their arrest.  Accordingly, the actions of law enforcement on October 13, 2021, violated, *inter alia*, the First, Fourth, Fifth and Eight Amendments of the United States Constitution.

### Count I - Violations of the First Amendment of the United States Constitution

33. Paragraphs one (1) through thirty-two (32) are incorporated by reference as if fully set forth herein.

34. The First Amendment of the United States Constitution ensures the peoples' right to freedom of speech, freedom of peaceable assembly and the right to redress governmental grievances. The protections of the First Amendment are applicable to the states by the Fourteenth Amendment of the United States Constitution.

35. As more fully articulated, *supra*, the Defendants' collective actions denied the Plaintiffs' their Constitutional right of freedom of speech by preventing the Plaintiffs from participating in the public comment portion of the October 13, 2021, Executive Council Meeting. The Defendants denied the Plaintiffs the opportunity to publicly comment of the agenda items, which was the sole purpose of the October 13 ,2021, Executive Council meeting. But for the actions of the Defendants', the Plaintiffs could have, and would have, exercised their rights to comment on the Executive Council's agenda items.

36. Moreover, the Defendants' actions further denied the Plaintiffs the right to redress actions being taken, or about to be taken, by the Executive Council.

37. Also, as the Plaintiffs did nothing to disrupt the October 13, 2021, meeting, nor did they engage in any disorderly conduct, the actions of the Defendants also violated the Plaintiffs' Constitutional right to peaceably assembly.

38. Based upon the foregoing, the Plaintiffs aver that their First Amendment Rights have been violated by the Defendants.

### Count II - Violations of the Fourth Amendment of the United States Constitution

39. Paragraphs one (1) through thirty-eight (38) are incorporated by reference as if fully set forth herein.

40. The Fourth Amendment of the United States Constitution ensures the peoples' right to be protected from unreasonable searches and seizures by the government.  The protections of the Fourth Amendment are applicable to the states by the Fourteenth Amendment of the United States Constitution.

41. As more fully discussed, *supra*, the Plaintiffs did nothing to disrupt the October 13, 2021, Executive Council meeting, nor did they do anything to disrupt the orderly conduct of governmental business.

42. In fact, the actions that the Plaintiffs did undertake, standing and turning their backs to politicians, is the most innocuous action, other than doing nothing, that a citizen can take to express their dissatisfaction with their government.

43. Despite the Plaintiffs' innocuous actions, the Defendants detained the Plaintiffs during the October 13, 2021, meeting and ultimately arrested the Plaintiffs.

44. Based upon the foregoing, the Defendants lacked reasonable articulable suspicion to detain the Plaintiffs and lacked probable cause to arrest the Plaintiffs.  Accordingly, the Defendants' actions violated the express protections of the Fourth Amendment of the United States Constitution.

### Count III - Violations of the Fifth Amendment of the United States Constitution

45. Paragraphs one (1) through forty-four (44) are incorporated by reference as if fully set forth herein.

46. The Due Process Clause of the Fifth Amendment of the United States Constitution protects the people from the government depriving them of life, liberty or property without due

process of law.  The protections of the Fifth Amendment are applicable to the states by the Fourteenth Amendment of the United States Constitution.

47. As stated, *supra*, and as articulated in Count II, the Plaintiffs were detained without any reasonable articulable suspicion, and were ultimately arrested without probable cause.  Both detainment and ultimate arrest of the Plaintiffs without just cause violates the Plaintiffs due process rights as guaranteed under the Fifth Amendment of the United States Constitution.

## Count IV - Violations of the Eighth Amendment of the United States Constitution

48. Paragraphs one (1) through forty-seven (47) are incorporated by reference as if fully set forth herein.

49. The Eighth Amendment of the United States Constitution specifically states that "Excessive bail shall not be required, nor excessive fines imposed".  The protections of the Eighth Amendment are applicable to the states by the Fourteenth Amendment of the United States Constitution.

50. As there was no reasonable articulable suspicion to justify detaining the Plaintiffs, nor did any probable cause exist to arrest the Plaintiffs, the bail conditions that were imposed upon the Plaintiffs following their respective arrest were inevitably excessive and violative of the Eighth Amendment of the United States Constitution.

## Count V - Ancillary State Claims

51. Paragraphs one (1) through fifty (50) are incorporated by reference as if fully set forth herein.

52. Pursuant to 28 U.S.C. 1367, federal courts may exercise jurisdiction over ancillary state claims, where such claims arise from the same set of operative facts.

53. All of the Plaintiffs' claims arise from the events that occurred and/or are related to the October 13, 2021, Executive Council meeting.  As the state and federal claims arise from the same set of operative facts, the Plaintiffs also bring the following ancillary state claims:

    A.    Article 8 of the New Hampshire Constitution states that at all times the government shall be accountable to the people and further requires that the government shall be "open, accessible, accountable and responsive" to the people.  Moreover, Article 8 specifically requires that the "public's right of access to governmental proceedings . . . shall not be unreasonably restricted".  The Plaintiffs respectfully assert that the events outlined herein unreasonably restricted their governmental access as protected by Article 8 of the New Hampshire Constitution.

    B.    Article 15 of the New Hampshire Constitution states, *inter alia*, that, "No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or . . . deprived of his life, liberty, or estate" without "due process".  The Plaintiffs respectfully assert that the events outlined herein violated their due process rights as protected by Article 15 of the New Hampshire Constitution.

    C.    Article 22 of the New Hampshire Constitution states that, "Free speech and Liberty of the press are essential to the security of Freedom in a State: They ought, therefore, to be inviolably preserved".  The Plaintiffs respectfully assert

that the events outlined herein unreasonably restricted their free speech as protected by Article 22 of the New Hampshire Constitution.

D.      Article 32 of the New Hampshire Constitution states that, "The people have a right in an orderly and peaceable manner to assemble and consult upon the common good, give instructions to their representatives; and to request of the legislative body, by way of petition or remonstrance, redress of the wrongs done them, and of the grievances they suffer." The Plaintiffs respectfully assert that the events outlined herein unreasonably restricted their right to peaceable demonstrate and redress their grievances as protected by Article 32 of the New Hampshire Constitution.

**Count VI - Violations of 42 U.S.C. § 1983**

54. Paragraphs one (1) through fifty-three (53) are incorporated by reference as if fully set forth herein.

55. Title 42 U.S.C. 1983 provides a remedy for individuals to bring suit against government employees and other state actors who use their authority and act "under color of state law" and deprive citizens of their civil rights.

56. At all times relevant hereto, the Defendants were acting under their authority granted to them as state employees. Moreover, at all times relevant hereto, the Defendants, as state actors used the color of their authority to illegally detain, unlawfully arrest, and otherwise violate the Plaintiffs' civil rights.

57. Based upon the foregoing, the actions of the Defendants violated the Plaintiffs civil rights, allowing the Plaintiffs to now bring suit pursuant to 42 U.S.C. 1983.

## Count VII - Conspiracy Pursuant to 42 U.S.C. § 1985

58. Paragraphs one (1) through fifty-seven (57) are incorporated by reference as if fully set forth herein.

59. Title 42 U.S.C. 1985 provides a remedy for individuals to bring suit for conspiracy where two or more government employees and other state actors coordinate their efforts to deprive citizens of their civil rights.

60. The Plaintiffs respectfully assert that the actions of the Governor and the State Police, both of whom were acting under the color of their authority at the October 13, 2021, Executive Council meeting, coordinated the illegal detainment and unlawful arrest of the Plaintiffs.

61. Based upon the foregoing, the coordinated actions of the Defendants violated the Plaintiffs civil rights, allowing the Plaintiffs to now bring suit for conspiracy pursuant to 42 U.S.C. 1985.

WHEREFORE, the Plaintiffs respectfully move this Honorable Court for the following relief:

A. Find that the Defendants have violated the Plaintiffs' First Amendment Rights under the United States Constitution;

B. Find that the Defendants have violated the Plaintiffs' Fourth Amendment Rights under the United States Constitution;

C. Find that the Defendants have violated the Plaintiffs' Fifth Amendment Rights under the United States Constitution;

D.  Find that the Defendants have violated the Plaintiffs' Eighth Amendment Rights under the United States Constitution;

E.  Find that the Defendants have violated the Plaintiffs' rights under the New Hampshire State Constitution;

F.  Find that the Defendants have violated the Plaintiffs' rights pursuant to 42 U.S.C. 1983;

G.  Find that the Defendants have violated the Plaintiffs' rights by committing conspiracy prohibited by 42 U.S.C. 1985;

H.  Where appropriate, find that the Defendants are personally liable for the damages suffered by the Plaintiffs;

I.  Award the Plaintiffs compensatory and punitive damages;

J.  Award the Plaintiffs all reasonable costs and fees including attorneys fees pursuant to 42 U.S.C. 1988;

K.  Grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

Date: October 14, 2024          /s/ Marylyn Todd
                                Marylyn Todd, Plaintiff
                                By and through counsel


Date: October 14, 2024          /s/ Albert Todd
                                Albert Todd, Plaintiff
                                By and through counsel

Date: <u>October 14, 2024</u>                            <u>/s/ Marylyn Todd</u>
Marylyn Todd, as guardian for
D.T., Minor Plaintiff
By and through counsel


Date: <u>October 14, 2024</u>                            <u>/s/ John Schmitt</u>
John Schmitt, Plaintiff
By and through counsel


Date: <u>October 14, 2024</u>                            <u>/s/ Emilee Spiller</u>
Emilee Spiller, Plaintiff
By and through counsel


Date: <u>October 14, 2024</u>                            <u>/s/ Terese Grinnell</u>
Terese Grinnell, Plaintiff
By and through counsel


Date: <u>October 14, 2024</u>                            <u>/s/ Christopher R. Burns</u>
Burns Legal Services
Christopher R. Burns, Esquire
N.H. Bar No.: 15122
P.O. Box 621
Portsmouth, N.H.  03802-0621
603-966-5770
BurnsLegalServices603@gmail.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been, this date, served electronically through the electronic filing system, to any interested party registered with the court's electronic filing system.

<u>/s/ Christopher R. Burns</u>
Christopher R. Burns, Esquire