UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Marylyn Todd ) <br> Albert Todd ) <br> E.D., Minor Child ) <br> John Schmitt ) <br> Emilee Spiller ) <br> Terese Grinnell ) <br> Monica Holm ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> State of New Hampshire ) <br> Governor Christopher Sununu ) <br> New Hampshire State Police ) <br> John Does, 1-100 ) <br>     Defendants ) | Case No.: 1:24-CV-00330 |

## PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO DISMISS

NOW COME the Plaintiffs, by and through counsel, Christopher R. Burns, Esquire of Burns Legal Services, and files the foregoing *Objection to Defendants' Motion to Dismiss*, stating in support hereof as follows:

1. On or about October 14, 2024, the Plaintiffs' filed the underlying Civil Complaint against the State of New Hampshire, former Governor Christopher Sununu, the New Hampshire State Police, and unidentified John Does 1-100 (See generally, Doc. No. 1-0), alleging, *inter alia*, violations of their civil rights, contrary to 42 U.S.C. §1983. (Id.)

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

1

2. In response, the Plaintiffs filed a Motion to Dismiss along with an associated Memorandum of Law, asserting, *inter alia*, that the Plaintiffs' claims are barred by the Eleventh Amendment and/or qualified immunity and should, therefore, be dismissed in their entirety. (See, Docs. Nos. 13-0 & 13-1).[1]

3. The arguments asserted in favor of dismissal against each separate Defendant are addressed below, *ad seriatim*.

### State of New Hampshire

4. The Eleventh Amendment provides that, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state", which the Supreme Court has ruled applies to all federal suits against states brought by private parties, unless the state has waived the Eleventh Amendment as a defense.

5. Admittedly, there seems to be an inconsistent application among the Circuits as to exactly what is required to constitute waiver of Eleventh Amendment Immunity.

6. If Eleventh Amendment immunity need not be pled as an affirmative defense, but instead arises simply by operation of law, then the Plaintiffs acknowledge that Eleventh Amendment immunity would bar their claims against the State of New Hampshire.

---

[1] The Defendants' Motion to Dismiss also alleges that the minor child D.T. "cannot sue in his own capacity and lacks standing to assert the constitutional rights of others". (Doc. No. 13-1 at pg. 1). To clarify, D.T. is not bringing suit in his own capacity, nor is he asserting the constitutional rights of anyone else. Claim has been brought by D.T.'s parents, Marylyn and Albert Todd, on behalf of D.T., who was present and witnessed the events of October 13, 2021. Because of his age, D.T. was also detained when his parents were detained.

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

2

7. However, the Plaintiffs respectfully assert that the State has waived its Eleventh Amendment immunity by failing to assert the Amendment as an affirmative defense; thereby, allowing the Plaintiffs in the case at bar to maintain their claims against the State.

### Governor Christopher Sununu

8. The Plaintiffs have brought suit against former Governor Christopher Sununu in both his official capacity as chief executive officer of the State, as well as in his personal capacity. (See, Doc. No. 1-0, ¶ 9).

9. In terms of professional immunity, the governor is entitled to qualified immunity for actions taken within the scope of his tenure as governor. However, the Plaintiffs in this matter do not seek recovery for any actions taken within the scope of the governor's responsibilities as governor. Instead the Plaintiffs seek recovery for, *inter alia*, their wrongful detention and arrest, all in violation of their constitutional and civil rights.

10. As violation of a citizen's rights is beyond the scope of the governor's responsibilities, such actions are beyond the scope of any qualified immunity. Moreover, the acts of violating a citizen's constitutional and civil rights would also destroy a governor's qualified immunity for such acts.

11. Also, as it relates to a governor, the Eleventh Amendment does not grant immunity for damages asserted against state officials in their personal capacity. (Hafer v. Melo, 502 U.S. 21, 30-31 (1991)).

12. Accordingly, the Plaintiffs should be allowed to maintain their causes of action against former Governor Christopher Sununu in both his official and personal capacity.

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

3

## **New Hampshire State Police**

13. The New Hampshire State Police act as the policing agency for the State or New Hampshire, as well as providing local policing for certain municipalities. Therefore, the New Hampshire State Police have properties of both a state agency and a local municipal entity.

14. An entity that has both state and local responsibilities are considered hybrid entities and courts must often determine whether a hybrid entity should be entitled to immunity.

15. A hybrid entity asserting immunity bears the burden of demonstrating that it is entitled to immunity. (<u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.</u>, 466 F.3d 232, 237-39, (2d Cir. 2006).

16. In the present matter, there has been no approved discovery plan; therefore, no party has had an opportunity to engage in discovery. The Plaintiffs respectfully assert that the ability to engage in discovery is paramount in assessing the state police's hybrid status. Accordingly, the motion to dismiss relative to the state police should be denied without prejudice until after the completion of discovery.

## **John Does, 1-100**

17. The underlying complaint identifies John Does, 1-100 as potential defendants, who have not yet been identified, but may be named later as discovery proceeds. (Doc. No. 1-0, ¶ 11).

18. To the extent it was not clear from the underlying complaint, John Does include, but are not necessarily limited to, the officers who arrested the plaintiffs on October 13, 2021.

19. As more fully discussed above, said officers may be named in their personal capacity, which would be beyond the scope of any immunity.

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

4

20. Unfortunately, at the time of filing, the identity of these officers was unknown; therefore, John Does, were identified until the Plaintiffs could conduct discovery and obtain the actual names of these officers.

21. Accordingly, it would be premature to dismiss this matter as it relates to the yet to be identified John Does. Again, the Plaintiffs can obtain the identity of these officers and amend their complain accordingly, once discovery is permitted to proceed in this matter.

22. Based upon the foregoing, the Plaintiffs respectfully asset that even if the Eleventh Amendment precludes the Plaintiffs claims against the State of New Hampshire, the Plaintiffs would still be entitled to maintain their claims against the remaining Defendants for the reasons stated herein.

WHEREFORE, the Plaintiffs respectfully move this Honorable Court for the following relief:

    A. Deny the Defendants' Motion to Dismiss; and

    B. Grant such other and further relief as this Court deems appropriate.

                                                Respectfully submitted
                                                on behalf of Plaintiffs
                                                By and through counsel

Date: <u>June 2, 2025</u>                                       /s/ Christopher R. Burns
                                                                   Burns Legal Services
                                                                   Christopher R. Burns, Esquire
                                                                   N.H. Bar No.: 15122
                                                                   P.O. Box 621
                                                                   Portsmouth, N.H.  03802-0621
                                                                   603-966-5770
                                                                   BurnsLegalServices603@gmail.com

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

5

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document has been, this date, served electronically through the electronic filing system, to any interested party registered with the court's electronic filing system.

    /s/ Christopher R. Burns
    Christopher R. Burns, Esquire

*Marylyn Todd, et al v. State of New Hampshire, et al*
Docket Number: 1:24-CV-00330
**Plaintiffs' Objection to Defendants' Motion to Dismiss**

6