UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Marylyn Todd
Albert Todd
John Schmitt
Monica Holm
      Plaintiffs

Case No.: 1:24-cv-00330-TSM

v.

State of New Hampshire
Governor Christopher Sununu
New Hampshire State Police
John Does 1–100
      Defendants

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Marylyn Todd, Albert Todd, Monica Holm, and John Schmitt respectfully object to Defendants' Motion to Dismiss.

Plaintiffs also incorporate by reference the arguments set forth in their prior Objection to Defendants' Motion to Dismiss as if fully set forth herein.

For purposes of a motion to dismiss, the Court must accept all well-pleaded factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor. The issue at this stage is not which version of events will ultimately prevail, but whether the Complaint recounts facts sufficient to state a claim for relief.

This case arises from arrests made during the October 13, 2021 meeting of the New Hampshire Governor and Executive Council. Plaintiffs attended that public meeting to observe and respond to matters of public concern. The Complaint recounts that Plaintiffs were not permitted to use the public-comment podium, that they engaged in peaceful expression, that one attendee was arrested for uttering the word "Amen," that the meeting was paused before Marylyn Todd or Albert Todd said anything, and that Plaintiffs were then arrested after questioning why others were being arrested. The Complaint further recounts that all criminal charges were later dismissed without trial.

## I. Factual Background

The Complaint recounts that a large State Police presence was deployed at the October 13, 2021 Executive Council meeting, and police reports produced in the related criminal cases reflect that officers were assigned to an "arrest team" in anticipation of protest activity. That background matters because it provides context for the rapid sequence of arrests that followed.

The sequence at the meeting is critical. Plaintiffs and other attendees briefly stood and turned their backs in silent expression, then sat down. Shortly thereafter, attendee Terese Grinnell was arrested after uttering the single word "Amen," and Frank Staples was also arrested. The meeting was then paused by Governor Sununu before Marylyn Todd or Albert Todd said anything. After the meeting had already been paused, Albert Todd questioned why people were being arrested, Marylyn Todd questioned why her husband was being arrested, John Schmitt criticized the arrests, and Monica Holm was also arrested during the same sequence. The Complaint and related criminal materials recount that the charges were ultimately dismissed without trial. Monica Holm's charge was dismissed much earlier than the others, further underscoring the absence of individualized criminal conduct.

It is not permissible for the State to convert constitutionally protected activity into a crime. Peacefully attending a public government meeting, quietly expressing disagreement, and calmly questioning why citizens are being arrested are not transformed into criminal conduct merely because law enforcement or government officials dislike the speech.

## II. The Complaint States a First Amendment Claim

Issue. Whether the Complaint states a claim that Plaintiffs were arrested in retaliation for protected speech at a public government meeting.

Rule. The First Amendment protects individuals from government retaliation for peacefully criticizing government actions or questioning the conduct of public officials. Speech expressing disagreement with government officials and questioning police conduct lies at the core of First Amendment protection. Government officials therefore may not arrest or punish individuals based solely on such protected expression. As seen in *Lozman v. City of Riviera Beach, Florida*, public-meeting retaliation claims are recognized, and the Supreme Court has specifically allowed a retaliatory-arrest theory to proceed where a citizen was arrested after criticism at a city council meeting.

Application. The Complaint factually recounts protected speech, not criminal conduct. It recounts that one attendee was arrested for saying "Amen," that the meeting was paused before Marylyn Todd and Albert Todd spoke, and that the later arrests occurred after Plaintiffs questioned why people were being arrested. Those are not bare legal conclusions; they are concrete factual assertions about what was said, when it was said, and what happened next. The State's attempt to characterize this as disorderly conduct asks the Court to adopt Defendants' version of disputed events at the pleading stage. At the motion-to-dismiss stage, however, the Court must accept Plaintiffs factual allegations as true and may not resolve competing factual narratives. Rule 12 does not allow that.

The State argues that the Complaint does not specify a First Amendment theory and assumes a retaliatory-arrest claim. Even on that framework, the pleading is sufficient. The chronology itself supports retaliatory motive: peaceful expression, arrest of an attendee for "Amen," pause of the meeting, questions about those arrests, then more arrests. This is precisely the kind of factual sequence that makes dismissal inappropriate before factual development. *Lozman* is especially instructive because it recognizes that an arrest following criticism at a public meeting can support a retaliatory-arrest claim. *Nieves v. Bartlett* supplies the general rule regarding probable cause, and *Gonzalez v. Trevino* makes clear that courts should not impose an unduly narrow approach to showing retaliatory treatment at this stage.

Conclusion. The Complaint states a First Amendment claim.

### III. The Complaint States a Fourth Amendment Claim

Issue. Whether the Complaint states a claim that Plaintiffs were arrested without probable cause.

Rule. The Fourth Amendment protects against unreasonable seizures, including arrests without probable cause. The State's motion correctly acknowledges that its probable-cause argument is central to both the First and Fourth Amendment counts.

Application. The Complaint factually recounts that Plaintiffs did not disrupt the meeting, that one person was charged for "uttering Amen," that one plaintiff was charged for calmly asking why she was being arrested during a time when the meeting had already been paused, and that the charging documents were so vague that bills of particulars were required. It further recounts that the charges were all dismissed without trial. Those are concrete facts supporting the absence of probable cause.

The State leans heavily on the September 29, 2021 meeting and argues that, because earlier individuals had been disruptive at a different meeting, officers could reasonably believe disorderly conduct was occurring or about to occur at the October 13, 2021 meeting.

None of the Plaintiffs in this case were present at the September 29, 2021 meeting, and the Complaint recounts no conduct by Plaintiffs at the October 13, 2021 meeting that would constitute disorderly conduct. But probable cause must be based on what the officers had as to the actual arrestees at the time of the actual arrests. The Complaint specifically recounts that Plaintiffs did not participate in the September 29, 2021 disruption and did not disrupt the October 13, 2021 meeting. The State cannot import generalized concerns from a prior meeting to erase the pleaded facts about this one.

The First Circuit's treatment of public-meeting and police-observation cases reinforces that point. In *Glik v. Cunniffe*, the First Circuit relied on its earlier decision in *Iacobucci v. Boulter*, where a journalist was arrested for disorderly conduct while filming officials outside a public meeting and the charges were later dismissed; the court rejected qualified immunity there because the conduct implicated core constitutional protections. That does not mean this case is identical, but it does mean the State is wrong to treat criticism and observation surrounding public officials as easy disorderly-conduct arrests.

Conclusion. The Complaint states a Fourth Amendment claim.

### IV. Qualified Immunity Does Not Resolve This Case at the Pleading Stage

The State argues that Governor Sununu is entitled to qualified immunity even if the Complaint states a constitutional violation. But qualified immunity does not permit a court to rewrite the pleaded facts in Defendants' favor. The question at this stage is whether, assuming Plaintiffs' factual account is true, the conduct violated clearly established law. Public criticism of police, criticism of government officials at public meetings, and punishment for protected expression were already well established before October 2021. *Glik and Gericke* underscore that point in this circuit.

The State's argument that the Governor acted only within the scope of his official role also overreads the pleading. The Complaint specifically recounts that "[i]mmediately prior to the Plaintiffs' arrest the Governor can be seen texting and coordinating with the State Police to effectuate the underlying arrest of the Plaintiffs." At this stage, that factual assertion must be taken as true. Whether discovery ultimately bears it out is for later. It is enough now to prevent dismissal of the personal-capacity claims.

**V. Plaintiffs Do Not Seek Discovery To Find Out Whether They Have Claims**

The State's reply mischaracterizes Plaintiffs' position by arguing that Plaintiffs seek discovery to determine whether they have a cause of action. That is not Plaintiffs' position. Plaintiffs do not seek discovery to determine whether constitutional violations occurred; the Complaint already factually recounts those violations. Plaintiffs seek discovery only to identify the individual officers involved in the arrests, because those identities were uniquely within the State's possession. The Complaint expressly identified John Does on that basis.

That distinction matters. This is not a fishing expedition for a theory. It is a request for the identities of the actors who carried out conduct already described in the pleading.

**VI. The Remaining Counts Should Not Drive Dismissal of the Entire Case**

The State separately attacks the Fifth Amendment, Eighth Amendment, standalone § 1983, § 1985. Plaintiffs preserve those claims, but the Court need not resolve every disagreement in Defendants' favor to deny dismissal. If the Court concludes that one or more of those counts require narrowing or repleading, that does not justify dismissal of the entire case, because the First Amendment, Fourth Amendment, and related § 1983 claims are sufficiently stated.

Even if the Court were to conclude that certain claims against the State or against Governor Sununu in his official capacity are barred by sovereign immunity, the motion still must be denied as to the claims asserted against Governor Sununu in his individual capacity and against the John Doe officers who carried out the arrests. The Complaint recounts specific actions taken by those individuals in connection with the arrests of Plaintiffs. At the pleading stage, those individual-capacity claims must be evaluated based on the factual allegations in the Complaint, which, taken as true, state violations of Plaintiffs' constitutional rights.

As to § 1985 specifically, the State's motion argues that the claim fails because there is no viable underlying § 1983 claim and because the allegations of agreement are too conclusory. But the Complaint recounts coordinated action between the Governor and State Police immediately preceding the arrests, and the related criminal materials reflect that an "arrest team" had been assigned in anticipation of protest activity. At minimum, these allegations are sufficient to preclude dismissal of the entire case at the pleading stage.

**VII. Alternative Request for Leave To Amend**

If the Court concludes that any portion of the Complaint requires greater specificity, Plaintiffs respectfully request leave to amend. Rule 15 directs that leave should be freely given when justice so requires, and that request is especially appropriate here where Plaintiffs are now proceeding without the benefit of their former counsel.

**Conclusion**

The Complaint does more than recite labels. It factually recounts a public meeting, peaceful expression, an arrest for uttering "Amen," a pause of the meeting before the Todds spoke, questions about why citizens were being arrested, and then the arrests of Plaintiffs, followed by dismissal of the criminal charges without trial. Taking those factual assertions as true, as Rule 12 requires, Defendants have not shown that this case can be dismissed in its entirety.

WHEREFORE, the Plaintiffs respectfully move this Honorable Court for the following relief:

    A. Deny the Defendants' Motion to Dismiss; and
    B. in the alternative, Plaintiffs request leave to amend; and
    C. grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

Date: March 11, 2026

/s/ Marylyn Todd
17 2nd Street
Windham, NH 03087
603-233-9865
Marylyn.Todd@gmail.com

Date: March 11, 2026

/s/ Albert Todd
Albert Todd
17 2nd Street
Windham, NH 03087
603-233-9865
Albert.todd84@gmail.com

Date: March 11, 2026

/s/ Monica Holm
Monica Holm
6 Mallard Drive
Hudson, NH 03051
603-620-6416
Monica.Holm@myfairpoint.net

Date: March 11, 2026

/s/ John Schmitt
John Schmitt
31 Green Acre Road
Keene, NH 03431
603-355-3725
JSchmitt88@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I understand that the CM/ECF system will automatically send a Notice of Electronic Filing to all counsel of record who are registered participants in the system. Any parties not registered for electronic service will be served by U.S. Mail, first-class postage prepaid.

Date: March 11, 2026 /s/ Marylyn Todd
17 2nd Street
Windham, NH 03087
603-233-9865
Marylyn.Todd@gmail.com

Date: March 11, 2026 /s/ Albert Todd
Albert Todd
17 2nd Street
Windham, NH 03087
603-233-9865
Albert.todd84@gmail.com

Date: March 11, 2026 /s/ Monica Holm
Monica Holm
6 Mallard Drive
Hudson, NH 03051
603-620-6416
Monica.Holm@myfairpoint.net

Date: March 11, 2026 /s/ John Schmitt
John Schmitt
31 Green Acre Road
Keene, NH 03431
603-355-3725
JSchmitt88@yahoo.com