# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Marylyn Todd ) | |
| Albert Todd ) | |
| John Schmitt ) | |
| Monica Holm ) | |
| Plaintiffs ) | |
| ) | Case No.: 1:24-CV-00330-TSM |
| v. ) | |
| ) | Plaintiffs Request Trial by Jury |
| ) | |
| Christopher Sununu ) | |
| Sergeant Meghan Walsh ) | |
| Trooper Derek Myrdek ) | |
| Trooper Brandon Rivard ) | |
| Trooper Daniel Livingstone ) | |
| Captain Chad Lavoie ) | |
| Captain Mark Hall ) | |
| Trooper Brandon Stubbs ) | |
| Trooper Charles O'Leary ) | |
| NH State Police John Does 1-10 ) | |
| Defendants ) | |
| ) | |

## AMENDED CIVIL COMPLAINT

NOW COME the Plaintiffs, proceeding *pro se*, and bring this civil action pursuant to 42 U.S.C. § 1983 to redress violations of their rights under the First and Fourth Amendments to the United States Constitution.

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

1

This action arises from the arrests of Plaintiffs on October 13, 2021, during a public meeting of the New Hampshire Governor and Executive Council. Plaintiffs were engaged in peaceful expression and questioning the actions of law enforcement when they were seized without a warrant and without probable cause.

Plaintiffs allege that Defendants arrested them in retaliation for protected speech and without individualized justification, in violation of clearly established constitutional rights.

## **PARTIES**

1.  The Plaintiff, Marylyn Todd, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 17 Second Street, Windham, New Hampshire, 03087, and a mailing address of 95050 Cheswick Oaks Dr, Fernandina Beach, Florida, 32097.

2.  The Plaintiff, Albert Todd, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 17 Second Street, Windham, New Hampshire, 03087, and a mailing address of 95050 Cheswick Oaks Dr, Fernandina Beach, Florida, 32097.

3.  The Plaintiff, John Schmitt, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 31 Green Acres Road, Keene, New Hampshire, 03431.

4.  The Plaintiff, Monica Holm, is a natural person, who has reached the age of majority, and resides in this jurisdiction, maintaining a residential address at 6 Mallard Drive, Hudson, New Hampshire, 03051.

5. Defendant Christopher Sununu is a natural person who, at all times relevant to this Complaint, served as the Governor of the State of New Hampshire. He is sued in his individual capacity. Upon information and belief, Defendant Sununu is a resident of the State of New Hampshire and may be served at an address to be determined, or through counsel who has previously appeared on his behalf in this matter.

6. Defendant Captain Chad Lavoie is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

7. Defendant Sergeant Meghan Walsh is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. She is sued in her individual capacity.

8. Defendant Trooper Derek Myrdek is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

9. Defendant Trooper Brandon Rivard is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be

served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

10. Defendant Trooper Daniel Livingstone is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

11. Defendant Trooper Brandon Stubbs is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

12. Defendant Captain Mark Hall is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

13. Defendant Trooper Charles O'Leary is, upon information and belief, a New Hampshire State Police officer employed by the New Hampshire Department of Safety and may be served at an address to be determined, including through their place of employment or other

means authorized by Rule 4 of the Federal Rules of Civil Procedure. He is sued in his individual capacity.

14. Defendants John Does 1–10 are law enforcement officers employed by the New Hampshire State Police or other agencies who participated in, ordered, directed, or were otherwise involved in the detention and arrest of Plaintiffs on October 13, 2021. Their identities are presently unknown to Plaintiffs.

15. Defendants John Does 1–10 are sued in their individual capacities. Plaintiffs will seek leave to amend this Complaint to identify these Defendants by name upon discovery of their identities.


## JURISDICTION

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

17. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3)–(4), which provides jurisdiction over civil rights actions.

18. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiffs' rights under the First and Fourth Amendments to the United States Constitution.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the events giving rise to these claims occurred in this District.

20. At all relevant times, Defendants acted under color of state law.

**FACTS COMMON TO ALL COUNTS**

21. On October 13, 2021, Plaintiffs attended a public meeting of the New Hampshire Executive Council held at the Police Standards and Training Facility in Concord, New Hampshire.

22. The meeting was open to the public and constituted a government proceeding at which members of the public were permitted to attend and observe.

23. During the meeting, Defendant Christopher Sununu stated, "We want folks to be able to stay and participate, of course, but we just don't want it to get so loud that we can't proceed." This reflected that public participation and reaction were anticipated, so long as the proceedings could continue.

24. Plaintiffs were present for approximately one and one-half hours prior to their arrests. During that time, Plaintiffs did not engage in conduct that disrupted, delayed, or interfered with the proceedings.

25. Before any arrests occurred, law enforcement officers were positioned throughout the meeting room, including along the aisles and in close proximity to attendees. Police reports produced in the criminal discovery further reflect that officers had been assigned in advance to an "arrest team" for the meeting.

26. At approximately 58 minutes into the meeting, Defendant Sergeant Meghan Walsh issued a general warning to the audience stating, in substance, that further outbursts or disruptions could lead to arrest for disorderly conduct. That warning was not prompted by any contemporaneous conduct by Plaintiffs and was not directed at any particular individual.

27. Later, Defendant Christopher Sununu issued a further warning indicating that individuals who continued to cause disturbances would be asked to leave. That warning likewise was not directed to Plaintiffs individually.

28. At a later point in the meeting, an attendee seated near Plaintiffs uttered the word "Amen."

29. That statement was brief and low in volume. It is not audible on the State's own publicly available video recording, which does not capture the word itself or reflect any immediate pause or visible interruption of proceedings at the time it was spoken. The statement is discernible only on a separate recording made from directly behind the speaker.

30. Other attendees, including individuals seated in close proximity to Plaintiffs, made audible remarks during the meeting, including statements similar in nature to those attributed to Plaintiffs, and were not subjected to arrest.

31. Despite the minimal nature of the statement, officers approached and arrested the individual who had uttered "Amen." The meeting was then paused by Governor Sununu.

32. During that pause, multiple attendees, including Plaintiffs, appeared visibly confused as to the basis for the arrest.

33. While the meeting remained paused, Plaintiffs asked words to the effect of, "Why are they being arrested?"

34. Video recordings reflect that multiple other attendees in the immediate vicinity also asked why the individuals were being arrested during the same paused interval and were not subjected to arrest.

35. Plaintiffs' statements were brief, non-threatening, and directly related to the arrest then occurring in front of them. At the time Plaintiffs spoke, the meeting had already been

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

7

paused and was not in active session. Plaintiffs' statements did not delay, interrupt, or interfere with any ongoing governmental function.

36. Shortly thereafter, officers individually approached Plaintiffs and placed them under arrest.

37. None of the Plaintiffs engaged in threatening or physically disruptive conduct at any time prior to their arrests. Rather, each Plaintiff, at most, made brief verbal statements in direct response to the arrests occurring in front of them.

38. Plaintiff Marylyn Todd was arrested by Defendant Walsh.

39. During Plaintiff Marylyn Todd's arrest, her minor child was separated from her and detained by law enforcement officers in the surrounding area.

40. Plaintiff Albert Todd was arrested by Defendants Myrdek and Rivard.

41. Plaintiff John Schmitt was arrested by Defendants Lavoie and Stubbs.

42. Plaintiff Monica Holm was arrested by Defendant Livingstone.

43. No individualized warning is visible in the available video record for Plaintiffs Marylyn Todd, Albert Todd, or John Schmitt prior to their arrests, and no document produced in the criminal discovery reflects that any such warning was given to them.

44. By contrast, upon information and belief, Defendant Hall asserted that he provided a verbal warning to Plaintiff Monica Holm; however, video recordings reflect only that an officer briefly approached and spoke to Ms. Holm, and the content of that interaction is not audible.

45. Immediately following that interaction, Plaintiff Monica Holm sat down and appeared non-disruptive, making no audible statements and engaging in no visible conduct that could reasonably be interpreted as disruptive.

46. Within approximately one to two minutes, Defendant Livingstone approached and placed Ms. Holm under arrest.

47. No document produced in the criminal discovery identifies any specific conduct by Plaintiff Monica Holm during that interval that would constitute disorderly or disruptive behavior, and the charge against her was subsequently dismissed at an early stage.

48. At the time Plaintiffs were arrested, the meeting had already been paused by Defendant Sununu, and no official proceedings were actively underway.

49. Multiple video recordings, including those maintained by the State and attached hereto as (Exhibit C), capture the events described above and reflect the limited nature of Plaintiffs' conduct.

50. The statements attributed to Plaintiff Marylyn Todd in the charging documents are inconsistent with the available video evidence, which reflects that she was objecting to the arrest of her child's father in the presence of her minor child, rather than making the statements attributed to her in those documents.

51. Video recordings reflect that Defendant Sununu repeatedly used a mobile device and engaged in nonverbal signaling, including head movements and nods, immediately prior to the initiation of arrests while presiding over the meeting.

52. Following their arrests, Plaintiffs were charged with disorderly conduct. The asserted factual basis for those charges was minimal and described inconsistently across official documents, including characterizations of the alleged conduct as 'yelled' in some instances and 'uttered' in others, as reflected in the charging documents attached hereto as (Exhibit A) and related criminal filings attached as (Exhibit B).

53. Charging documents, attached hereto as (Exhibit A), were executed by a single officer, identified in those documents as Defendant Trooper Charles O'Leary, despite the involvement of multiple officers in the underlying events.

54. The charging documents, attached hereto as (Exhibit A), provided only generalized descriptions of alleged conduct, requiring defense counsel to seek bills of particulars because the State had not clearly identified the specific conduct allegedly attributable to each Plaintiff.

55. The conduct attributed to Plaintiffs consisted of brief speech at a public meeting, including questioning law enforcement actions during a paused proceeding.

56. All criminal charges against Plaintiffs were subsequently dismissed by the State.


## COUNT I – FIRST AMENDMENT RETALIATORY ARREST UNDER 42 U.S.C 1983
**(Against Defendants Sununu, Walsh, Myrdek, Rivard, Livingstone, Lavoie, Hall, Stubbs, and John Does 1–10)**

57. Plaintiffs repeat and reallege Paragraphs 1 through 56 as if fully set forth herein.

58. The First Amendment protects speech criticizing government action, questioning police conduct, and reacting verbally to arrests occurring at a public governmental meeting.

59. Plaintiffs engaged in protected speech when, during a public Executive Council meeting and after the meeting had already been paused, they made brief verbal statements questioning why individuals were being arrested.

60. Plaintiffs' speech concerned official governmental conduct and law-enforcement action occurring in real time at a public meeting on matters of public concern.

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

10

61. Plaintiffs' speech was brief, non-threatening, and did not constitute violence, fighting words, threats, physical interference, or disruption of an active proceeding.

62. Defendants, acting under color of state law, subjected Plaintiffs to adverse action by arresting them immediately after and because they engaged in that protected speech.

63. The close temporal proximity between Plaintiffs' speech and their arrests, together with the absence of individualized probable cause and the minimal and inconsistent charging descriptions, supports the inference that Plaintiffs were arrested in retaliation for their speech.

64. Plaintiffs' speech occurred during a paused interval in which multiple other attendees engaged in materially identical expressive conduct, including questioning the arrests, yet were not themselves arrested.

65. No reasonable officer could conclude that Plaintiffs' brief, non-disruptive speech—identical in substance to that of other attendees—provided a lawful basis for arrest.

66. At the time of the arrests, the meeting had already been paused, Plaintiffs were not disrupting an active proceeding, and Defendants lacked a constitutionally sufficient basis to arrest Plaintiffs for their speech.

67. Defendants Sununu, Walsh, Myrdek, Rivard, Livingstone, Lavoie, Hall, Stubbs, and John Does 1–10 each personally participated in, directed, approved, or knowingly acquiesced in the retaliatory arrests of one or more Plaintiffs.

68. Defendant Sununu personally paused the meeting immediately before the sequential arrests of Plaintiffs.

69. Defendant Walsh issued the general arrest warning to the crowd and directly participated in the arrest of Plaintiff Marylyn Todd.

70. Defendants Myrdek and Rivard directly participated in the arrest of Plaintiff Albert Todd.

71. Defendants Lavoie and Stubbs directly participated in the arrest of Plaintiff John Schmitt.

72. Defendant Livingstone directly participated in the arrest of Plaintiff Monica Holm, and Defendant Hall participated in the sequence leading to that arrest by asserting that he warned her immediately beforehand.

73. A reasonable officer would have understood that arresting individuals for brief, non-threatening speech questioning police action at a paused public meeting violated clearly established First Amendment rights.

74. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiffs suffered loss of liberty, emotional distress, humiliation, and other compensable injuries.

75. Defendants acted intentionally, willfully, maliciously, and in reckless disregard of Plaintiffs' clearly established constitutional rights.

76. Defendants' actions cannot be explained by neutral enforcement of any law and instead support a plausible inference of retaliatory and selective enforcement.

## COUNT II – FOURTH AMENDMENT FALSE ARREST/UNREASONABLE SEIZURE UNDER 42 U.S.C 1983
**(Against Defendants Sununu, Walsh, Myrdek, Rivard, Livingstone, Lavoie, Hall, Stubbs, O'Leary, and John Does 1–10)**

77. Plaintiffs repeat and reallege Paragraphs 1 through 76 as if fully set forth herein.

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

12

78. The Fourth Amendment prohibits unreasonable seizures, including warrantless arrests unsupported by probable cause.

79. Defendants, acting under color of state law, seized and arrested Plaintiffs without warrants.

80. At most, Plaintiffs engaged in brief, non-threatening speech in response to law enforcement activity during a public meeting that had already been paused and was no longer in active session.

81. Because the meeting had already been paused when Plaintiffs spoke, Defendants lacked probable cause to believe that Plaintiffs were then disrupting an active governmental proceeding.

82. Defendants lacked individualized probable cause to arrest Plaintiffs, as the conduct attributed to each Plaintiff consisted of brief, non-threatening verbal statements that did not constitute disorderly conduct under clearly established law. The conduct attributed to Plaintiffs was indistinguishable from that of numerous other attendees who were not arrested.

83. As to Plaintiff Marylyn Todd, the charging description attributed statements to her that are inconsistent with the available video evidence.

84. As to Plaintiff Albert Todd, the charging descriptions were generalized and did not clearly identify specific conduct sufficient to establish probable cause. The resulting criminal charge was so vague that defense counsel was required to seek a bill of particulars.

85. As to Plaintiff John Schmitt, the conduct attributed to him consisted of speech criticizing the arrests and government officials, not violence or physical interference.

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

13

86. As to Plaintiff Monica Holm, no document produced in discovery identifies specific conduct during the interval immediately preceding her arrest that would constitute disorderly or disruptive behavior, and video recordings reflect that she sat down and appeared non-disruptive before Defendant Livingstone arrested her.

87. The charging documents, attached hereto as (Exhibit A), themselves reflect only minimal, generalized, and inconsistent descriptions of alleged conduct, including 'yelled,' 'uttered,' and 'loud noises,' further demonstrating the absence of a sufficient factual basis for probable cause.

88. Video recordings, including a recording taken directly from behind the individual who was described in charging documents as having "yelled amen" and was subsequently arrested, reflect that other attendees made audible remarks during the meeting, including statements similar in nature to those attributed to Plaintiffs, and were not subjected to arrest. In contrast, the charging documents attached as (Exhibit A) characterize similar conduct as 'yelled,' while related criminal filings attached as (Exhibit B) describe that same conduct as 'uttered,' reflecting inconsistent descriptions of materially similar speech.

89. The charging documents were executed by a single officer, Defendant Trooper Charles O'Leary, despite the involvement of multiple officers in the underlying events.

90. The generalized nature of the charges was such that defense counsel was required to seek bills of particulars because the State had not clearly identified the specific conduct allegedly attributable to each Plaintiff.

91. All criminal charges against Plaintiffs were subsequently dismissed by the State, which is consistent with the absence of probable cause at the time of arrest.

92. Defendants Sununu, Walsh, Myrdek, Rivard, Livingstone, Lavoie, Hall, Stubbs, and John Does 1–10 personally participated in, directed, approved, or knowingly acquiesced in the warrantless arrests challenged herein. Defendant O'Leary prepared and executed the charging documents used to justify those arrests.

93. No reasonable officer could have believed that probable cause existed to arrest Plaintiffs where the meeting had already been paused, Plaintiffs' conduct consisted at most of brief verbal reactions to arrests occurring in front of them, and the State's own charging documents failed to identify clear, individualized criminal conduct.

94. Plaintiffs were therefore subjected to unreasonable arrests and unlawful detention of their minor child in violation of the Fourth Amendment.

95. As a direct and proximate result of Defendants' unlawful arrests and the illegal detention of their minor child, Plaintiffs suffered loss of liberty, emotional distress, humiliation, reputational harm, and other compensable injuries.

96. Defendants acted intentionally, willfully, maliciously, and in reckless disregard of Plaintiffs' clearly established Fourth Amendment rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

**A.** A declaration that Defendants' actions, as alleged herein, violated Plaintiffs' rights under the First and Fourth Amendments to the United States Constitution;

*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

15

**B.** An award of compensatory damages in an amount to be determined at trial for the loss of liberty and the intentional infliction of emotional distress, humiliation, reputational harm, and other injuries suffered by Plaintiffs;

**C.** An award of punitive damages against the individual Defendants to deter similar misconduct in the future;

**D.** An award of reasonable costs and any allowable fees, including attorney's fees, associated with this action pursuant to 42 U.S.C. § 1988 and other applicable law;

**E.** Pre-judgment and post-judgment interest as permitted by law;

**F.** Such other and further relief as this Court deems just and proper.

**Each Plaintiff further affirms that they understand the claims asserted herein and adopt the allegations as they pertain to them individually.**

Respectfully submitted,

Date: <u>April 20, 2026</u>                              /s/ Marylyn Todd
                                                          Marylyn Todd, Plaintiff


Date: <u>April 20, 2026</u>                              /s/ Albert Todd
                                                          Albert Todd, Plaintiff


Date: <u>April 20, 2026</u>                              /s/ John Schmitt
                                                          John Schmitt, Plaintiff


Date: <u>April 20, 2026</u>                              /s/ Monica Holm
                                                          Monica Holm, Plaintiff


*Marylyn Todd, et al v. Christopher Sununu, et al*
Case Number: 1:24-CV-00330
**Amended Civil Complaint**

16

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was served electronically through the Court's CM/ECF system upon all parties who are registered users of that system. Any Defendants who have not yet been served or who are not registered CM/ECF users will be served in accordance with Rule 4 of the Federal Rules of Civil Procedure.


Date: <u>April 20, 2026</u>                                        /s/ Marylyn Todd
                                                                         Marylyn Todd, Plaintiff


Date: <u>April 20, 2026</u>                                        /s/ Albert Todd
                                                                         Albert Todd, Plaintiff


Date: <u>April 20, 2026</u>                                        /s/ John Schmitt
                                                                         John Schmitt, Plaintiff


Date: <u>April 20, 2026</u>                                        /s/ Monica Holm
                                                                         Monica Holm, Plaintiff